**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000377
28-JUL-2025
10:43 AM
Dkt. 124 SO**

NO. CAAP-22-0000377

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KA MALU O KAHĀLĀWAI, a domestic non profit corporation,
NĀ PAPA'I WAWAE 'ULA'ULA, an unincorporated association,
KEKAI KEAHI, individual, and KAI NISHIKI, individual,
Plaintiffs-Appellants-Appellants, v.
BOARD OF LAND AND NATURAL RESOURCES, State of Hawai'i,
ADMINISTRATOR OF DIVISION OF BOATING AND OCEAN RECREATION
of Department of Land and Natural Resources, State of Hawai'i,
HAWAIIAN RAFTING ADVENTURES, INC., a domestic profit corporation,
LAHAINA HARBOR WATER TAXI INC., a domestic profit corporation,
and UNDERWATER SAFARI, INC., a domestic profit corporation,
Defendants-Appellees-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CCV-21-0000336)

SUMMARY DISPOSITION ORDER
(By: Nakasone, C.J., and Hiraoka and Wadsworth, JJ.)

Plaintiffs-Appellants-Appellants Ka Malu O Kahālāwai, Nā Papa'i Wawae Ula'ula, Kekai Keahi, and Kai Nishiki (together, **Appellants**) appeal from the May 31, 2022 Final Judgment entered by the Circuit Court of the Second Circuit[1] (**Circuit Court**) in favor of Defendants-Appellees/Appellees Board of Land and Natural Resources (**BLNR**); Administrator of Division of Boating and Ocean Recreation (**DOBOR**), Department of Land and Natural Resources; Hawaiian Rafting Adventures, Inc. (**HRA**); Lahaina Harbor Water Taxi Inc. (**LHWT**); and Underwater Safari, Inc. (**US**). Appellants also challenge certain aspects of the Circuit Court's May 31, 2022 Findings of Fact, Conclusions of Law, and Decision and Order

---

[1] The Honorable Peter T. Cahill presided.

(**FOFs/COLs**).

On October 8, 2021, Appellants submitted a **Petition** to DOBOR. Appellants sought a contested case hearing regarding the then-pending annual renewal of commercial use permits (**CUPs**) for HRA, LHWT, and US (together, the **Companies**) to continue using the Mala Launch Ramp (**Mala Ramp**) in Lāhainā, Maui in connection with their local businesses. On October 22, 2021, BLNR denied the Petition. Appellants appealed to the Circuit Court, which affirmed the denial on May 31, 2022.

On appeal, Appellants contend that the Circuit Court erred in affirming the denial of the Petition by: (1) incorrectly concluding that (a) the Petition was a policy challenge to the administrative rules, (b) vacating the CUPs via a contested case hearing would prejudice the Companies, (c) no statute or rule required a contested case hearing prior to issuance of the CUPs, and (d) there was no need to determine whether due process required a contested case hearing; (2) wrongly rejecting Appellants' claim that BLNR failed to fulfill its affirmative duty to "protect Native Hawaiian rights by performing the analysis set forth in Ka Paʻakai O Ka ʻAina v. Land Use Commission, 94 Hawaiʻi 31, 7 P.3d 1068 (2000)"; (3) erroneously rejecting Appellants' claim that DOBOR failed to ensure that the CUPs provide "corresponding and reasonable benefits and returns to the public"; and (4) making clearly erroneous FOFs and considering matters unsupported by the record.

In this secondary appeal, we apply the standards of Hawaii Revised Statutes (**HRS**) § 91-14(g) to BLNR's decision to determine whether the Circuit Court was right or wrong. Flores v. Bd. of Land & Nat. Res., 143 Hawaiʻi 114, 120, 424 P.3d 469, 475 (2018) (citing Paul's Elec. Serv., Inc. v. Befitel, 104 Hawaiʻi 412, 416, 91 P.3d 494, 498 (2004)).

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Appellants' contentions as follows.

(1) Appellants contend that the Circuit Court erred in holding that no statute or rule required a contested case hearing

prior to issuance of the CUPs because Hawaii Administrative Rules (**HAR**) § 13-1-29.1 and § 13-1-31 mandated a hearing based on Appellants' property interest. Appellants separately argue that the Circuit Court erred in failing to determine "whether and that due process required a contested case hearing."[2]

BLNR must hold a contested case hearing when required by law. Flores, 143 Hawaiʻi at 124, 424 P.3d at 479; see HRS § 91-1 (Supp. 2017) ("'Contested case' means a proceeding in which the legal rights, duties, or privileges of specific parties are required by law to be determined after an opportunity for agency hearing."). "A contested case hearing is required by law when it is required by: (1) statute; (2) administrative rule; or (3) constitutional due process." Flores, 143 Hawaiʻi at 124, 424 P.3d at 479 (citing Mauna Kea Anaina Hou v. Bd. of Land and Nat. Res., 136 Hawaiʻi 376, 390, 363 P.3d 224, 238 (2015)).

HAR § 13-1-29.1 provides that BLNR,

> without a hearing may deny a request or petition or both for a contested case when it is clear as a matter of law that the request concerns a subject that is not within the adjudicatory jurisdiction of the board or when it is clear as a matter of law that the petitioner does not have a legal right, duty, or privilege entitling one to a contested case proceeding.

HAR § 13-1-31 pertains to who may be parties to a contested case hearing.

Appellants fail to explain how these administrative rules require a contested case hearing in this matter. See HRAP Rule 28(b)(7) ("Points not argued may be deemed waived."). To the extent Appellants may be claiming that a contested case hearing is required "as a matter of law" because it is required as a matter of constitutional due process, we address that argument below.

The Circuit Court affirmed the denial of the Petition on the ground that "Appellants' attempt to secure a contested

---

[2] It appears that the permit renewals that are the subject of the Petition expired on or about October 31, 2022. Nevertheless, the "capable of repetition, yet evading review" and "public interest" exceptions to the mootness doctrine apply to this appeal, for the reasons explained in Carmichael v. Bd. of Land & Nat. Res., 150 Hawaiʻi 547, 561-62, 506 P.3d 211, 225-26 (2022).

case hearing is in fact an attempt to raise a policy-based challenge to the relevant administrative agency rules and the application of the current rules" and, thus, "it is not the appropriate procedural mechanism to challenge the agency's administrative rules."  In a footnote, the court stated that "[f]or this reason, the Court does not make any finding or conclusion as to Appellants' due process arguments . . . ."

Whether a contested case proceeding is the "appropriate procedural mechanism" under HRS Chapter 91 is not the applicable test for determining whether a party has a constitutional due process right to a contested case hearing.  Rather, the Hawaiʻi Supreme Court has articulated a two-step analysis for making such a determination:

> First, this court considers "whether the particular interest which claimant seeks to protect by a hearing is 'property' within the meaning of the due process clauses of the federal and state constitutions." Second, if this court concludes that the interest is "property," this court analyzes "what specific procedures are required to protect it."

Flores, 143 Hawaiʻi at 125, 424 P.3d at 480 (brackets and citations omitted) (quoting Sandy Beach Def. Fund v. City Council of City & Cnty. of Honolulu, 70 Haw. 361, 376, 773 P.2d 250, 260 (1989)).  In determining the specific procedures required to comply with constitutional due process, the court must balance three factors: "(1) the private interest which will be affected; (2) the risk of an erroneous deprivation of such interest through the procedures actually used, and the probable value, if any, of additional or alternative procedural safeguards; and (3) the governmental interest, including the burden that additional procedural safeguards would entail."  Id. at 126-27, 424 P.3d at 481-82 (quoting Sandy Beach, 70 Haw. at 378, 773 P.2d at 261).

Here, the Petition sought to determine the legal rights and duties of specific parties — the Appellants and the Companies — in relation to the Companies' permit applications.  In particular, the Petition alleged that the Companies' activities have harmed Appellants' right to engage in traditional Native Hawaiian cultural practices, including the "traditional and customary practices of fishing, surfing, canoe paddling, and

diving . . . and also pelagiac fishing[,]" as well as Appellants' right to a clean and healthful environment.  In these circumstances, the Circuit Court was required to conduct the two-step analysis set out in <u>Flores</u> and <u>Sandy Beach</u> to determine whether BLNR was required to hold a contested case hearing regarding the renewal of the Companies' CUPs.  The court's failure to do so was error.

Appellants request that this court "void the Companies' [CUPs], and remand to [BLNR] for a contested case hearing on any re-reissuance of [CUPs] to the Companies."  The sole issue presented in this secondary appeal, however, is whether the Circuit Court erred in affirming BLNR's denial of the Petition, which sought a contested case hearing regarding the then-pending annual renewals of the Companies' CUPs.[3/]  Appellants' request that we void the CUPs themselves is therefore beyond the scope of this appeal.  <u>See</u> HRS § 91-14(g) (Supp. 2019).  Additionally, it appears that the permit renewals that are the subject of the Petition expired on or about October 31, 2022.  Although we have decided this appeal based on exceptions to the mootness doctrine (<u>see</u> <u>supra</u> note 2), Appellants' request that we remand to BLNR for a contested case hearing on the expired renewals still appears to be moot.  Indeed, a remand to the Circuit Court for a determination as to whether BLNR was required to hold a contested case hearing regarding the expired renewals of the Companies' CUPs would appear meaningless.  Accordingly, we remand this case to the Circuit Court to determine what, if any, relief is available to Appellants in these circumstances.

(2) and (3) Appellants contend that BLNR failed to fulfill its affirmative duty to protect Native Hawaiian rights by performing the analysis set forth in <u>Ka Paʻakai</u> before denying the Petition, and erroneously rejected Appellants' claim that DOBOR failed to ensure the CUPs provide "corresponding and reasonable benefits and returns to the public[.]"

---

[3/]     Relatedly, the Circuit Court determined that "the sole issue before this Court is whether the Board correctly concluded that Appellants were not entitled to a contested case hearing."  The court did not review the CUPs themselves.  Appellants do not dispute any of this.

Appellants do not explain how these issues relate to the sole issue in this secondary appeal, *i.e.*, whether the Circuit Court erred in affirming BLNR's denial of Appellants' request for a contested case hearing. See supra. We need not reach these issues in light of our conclusion that the Circuit Court erred in failing to determine whether BLNR was required to hold a contested case hearing regarding the renewal of the Companies' CUPs.

(4) Appellants challenge several of the Circuit Court's FOFs as clearly erroneous. They appear to relate to the court's decision to affirm the denial of Appellants' request for a contested case hearing.

A circuit court reviewing an agency's decision and order under HRS § 91-14 acts as an appellate court; it does not review the evidence in the agency record to make its own findings of fact. Sierra Club v. Bd. of Land & Nat. Res., 154 Hawaiʻi 264, 284, 550 P.3d 230, 250 (App. 2024), cert. granted, No. SCWC-22-0000516, 2024 WL 3378462 (July 11, 2024); see Diamond v. Dobbin, 132 Hawaiʻi 9, 24, 319 P.3d 1017, 1032 (2014). Having addressed Appellants' arguments regarding the requested contested case hearing, we do not review the challenged FOFs.

For the reasons discussed above, the Final Judgment entered on May 31, 2022, by the Circuit Court of the Second Circuit, is vacated, and this case is remanded to the Circuit Court for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, July 28, 2025.


On the briefs:

Christina Lizzi, with
Lance D. Collins and
Bianca K. Isaki (on reply)
for Plaintiffs-Appellants-
Appellants.

Kalikoʻonalani D. Fernandes,
Melissa D. Goldman, and
Nicholas M. McLean,
Deputy Attorneys General

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

for Defendant-Appellee-
Appellee Board of Board of
Land and Natural Resources,
State of Hawaiʻi and
Administrator of Division of
Boating and Ocean Recreation.

Gregory W. Kugle,
Mark M. Murakami, and
Katie T. Pham
(Damon Key Leong Kupchak
Hastert)
for Defendant-Appellee-
Appellee Lahaina Harbor Water
Taxi Inc.